120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard A. BARKER, Plaintiff-Appellant,
v.
James GOMEZ; Peggy Kernan; Anthony Newland, Chief Deputy
Warden; James Silva, Associate Warden; Michael Jensen,
Program Administrator; Richard Cassillas, Program
Administrator; Michael Loftin, Correctional Counselor II;
Harper Lowe, Correctional Lieutenant; Louis Cortes,
Correctional Counselor I; Dennis Williams, Correctional
Counselor I, Defendants-Appellees.
 No. 96-15938.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-93-00478-WBS; William B. Shubb, Chief Judge.
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard A. Barker, a California state prisoner, appeals pro se the district court's grant of summary judgment for defendants on his 42 U.S.C. § 1983 action claiming that defendants violated the Eighth and Fourteenth Amendments when they removed him from a vocational training program which supposedly affected his parole eligibility. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Barker contends that the district court erred when it granted summary judgment for defendants on his due process claim. Barker does not have a constitutionally-protected liberty interest in either parole, see Board of Pardons v. Allen, 482 U.S. 369, 373 (1987), or in being placed in a vocational training program, see Toussaint v. McCarthy, 801 F.2d 1080, 1095-96 (9th Cir.1986). The relationship between parole eligibility and participation in the vocational training program is too attenuated to give rise to a state-created liberty interest. See Sandin v. Conner, 115 S.Ct. 2293, 2302 (1995); see also Cal.Code Regs. tit. 15, §§ 2281, 2402. Moreover, upon our review of the record, there is no evidence that Barker was deprived of any procedural protections guaranteed by the Due Process Clause. Accordingly, the district court did not err by granting summary judgment for defendants on Barker's due process claim.
 
 
 4
 Because Barker submitted no evidence that he was treated differently than similarly-situated inmates when he was removed from the vocational training program, the district court did not err by granting summary judgment for defendants on Barker's equal protection claim. See Christian Gospel Church v. City of San Francisco, 896 F.2d 1221, 1226 (9th Cir.1990).
 
 
 5
 Because Barker's inability to participate in the vocational training program did not violate the Eighth Amendment, the district court did not err by granting summary judgment for defendants on Barker's Eighth Amendment claim. See Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982).
 
 
 6
 Finally, because Barker did not submit a sworn statement setting forth the evidence he hoped to obtain through additional discovery and how that evidence would create a genuine issue of material fact, the district court did not err in granting summary judgment when Barker contending discovery had not been completed. See Barona Group of the Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc., 840 F.2d 1394, 1400 (9th Cir.1987).[1]
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because our affirmance of the district court's grant of summary judgment establishes that Barker failed to establish a constitutional violation, we need not address Barker's contention that the district court erred by dismissing his claim for injunctive relief as moot
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicablity, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal